UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EVARISTO RUIZ, JR., ) | CASE NO. 1:14 CV 2831 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| SHAPIRO, VAN ESS, PHILLIPS & ) | AND ORDER |
| BARRAGATE, et al., ) | |
| ) | |
| Defendants. ) | |

INTRODUCTION

On December 29, 2014, *pro se* Plaintiff Evaristo Ruiz, Jr. filed this *in forma pauperis* action against Defendants Shapiro, Van Ess, Phillips & Barragate, Keybank National Association, and the Cuyahoga County Sheriff's Department. Plaintiff challenges a judgment of foreclosure against him and the sale of the property foreclosed upon pursuant to a judgment in the Cuyahoga County Court of Common Pleas. See *KeyBank National Association v. Ruiz,* Cuy. Cty. Comm. Pls. No. CV-13-818187, http://cpdocket.cp.cuyahogacounty.us/CV. He asserts violation of his civil rights and numerous state law theories to support this challenge, and seeks

monetary relief. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

LEGAL STANDARD

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

LAW AND ANALYSIS

United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his federal rights. *Berry v. Schmitt,* 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[2] *See District of Columbia Court of Appeals v. Feldman*, 460

---

[2] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).  This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court.   The doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts.  *Exxon Mobil Corp*., 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*,  606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

The Rooker-Feldman doctrine has narrow application.  It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 293 (2005); *Berry v. Schmitt*, 688 F.3d 290, 298–99 (6th Cir.2012).  It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion.  *Berry*, 688 F.3d 299.  Instead, the Rooker-Feldman doctrine applies only where a party losing his case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment.  *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir.2009).

To determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint."  *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310.  If the source of the plaintiff's injury is the state court judgment itself, then the Rooker–Feldman doctrine bars the federal claim.  *McCormick*, 451 F.3d at 393.  "If there is some other source of injury, such as a

third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368–69. In conducting this inquiry, the federal court should also consider the plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011)

Plaintiff's underlying assertion that the foreclosure action in state court was legally improper is a direct attack on the state court's decision. Any review of the federal claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998).

Further, to the extent Plaintiff seeks to litigate the foreclosure matter anew, he cannot proceed.[3] A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). The preclusive effect of the previous state court judgment is therefore governed by Ohio law on preclusion. *Id.* Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National Amusement, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief, or forever be barred from asserting it. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby

---

[3] On December 30, 2014, Plaintiff filed a "Notice of Removal" in the Cuyahoga County foreclosure case, to which he attached a copy of the Complaint filed in the instant case. *See, KeyBank v. Ruiz, supra*.

increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Ohio court has already determined that the mortgage was valid and that Plaintiff was in default of his loan. This Court is bound to give full faith and credit to the decision of that court. Plaintiff is therefore barred by the doctrine of *res judicata* from litigating these questions again in federal court.

CONCLUSION

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim. Further, the Court declines to exercise jurisdiction over Plaintiff's pendent state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

Accordingly, the request to proceed *in forma pauperis* is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 2/9/15      UNITED STATES DISTRICT JUDGE